UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. NEAL,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DEAN BORDERS, ET AL.,<br><br>　　　　　　　　Defendants. | Case No. EDCV 19-126-JAK (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Robert W. Neal ("Plaintiff"), proceeding pro se, filed a Complaint pursuant to 18 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **PLAINTIFF'S COMPLAINT**

On June 14, 2018, Plaintiff filed a Complaint in Sacramento County Superior Court appearing to sue defendants California Institution for Men ("CIM"), CIM Warden Dean Borders, Correctional Counselor J. Sheppard, and five Doe[1] prison

---
[1] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true names of the unnamed Doe defendants, Plaintiff will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing its deficiencies. Plaintiff is cautioned that, if he is unable to timely identify the

officials ("Defendants").[2] While not entirely clear, Plaintiff sets forth two "Causes of Action" for alleged violations of the Due Process Clause and the Equal Protection Clause.[3] ECF Docket No. ("Dkt.") 1.

On December 14, 2018, defendants Borders and Sheppard removed the action to the United States District Court for the Eastern District of California. Dkt. 1. On January 18, 2019, the case was transferred to this Court. Dkt. 7.

According to the Complaint, while incarcerated at CIM, Plaintiff was a "recognized Developmental Disabled Person [("DDP")] who [was] required to be handled by properly trained and qualified . . . DDP Correctional Staff." Dkt. 1 at 13.

On March 20, 2018, Plaintiff met with prison officials for an institutional classification hearing following Plaintiff's alleged acts of sexual misconduct. Dkt. at 12. At the hearing, although Plaintiff was "proven innocen[t]", the hearing members decided to transfer Plaintiff to "level 3 general mainline population Mental Hospitals Extended Out Patient Program [("EOP")]". Id. at 13. Plaintiff, however, expected to return to the "Sensitive Needs Yard [("SNY")]" since he was a "level 2" inmate. Id. Plaintiff "understood" that defendants Sheppard and Borders, who were at the hearing, did not find it "acceptable" for Plaintiff to be bisexual "and that [Plaintiff] needed to be punished". Id. at 16. As a result of the hearing, the hearing members changed Plaintiff's "work status from A1A to D1D, a change that makes [Plaintiff's] sentence . . . longer". Id.

---

Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

[2] Plaintiff fails to state in what capacity he is suing each defendant. Thus, if Plaintiff chooses to file an amended complaint, he must clarify whether he is suing each defendant in their individual or official capacity, or both.

[3] Although Plaintiff makes other factual allegations, e.g., the taking of his legal property, see dkt 1. at 15, Plaintiff does not include such allegations in his "Causes of Action" which are clearly set forth on pages 18-20 of his Complaint. If Plaintiff seeks to include additional claims, Plaintiff must clearly set forth each claim and include sufficient information for each claim as discussed on pages 7-9 of this Order.

During the hearing, Plaintiff requested to have the complaining "witness" brought before the hearing committee but defendants "Borders and [] Sheppard both said 'that is not permitted'". Dkt. at 16. Moreover, Plaintiff was not allowed to "present witnesses or obtain any type of possible witness statements from other inmate[s]". Id. at 19. Plaintiff objected that "(1) the investigation into [Plaintiff's] alleged misconduct was not concluded and thereby [Plaintiff] was being presumed guilty without evidence, (2) . . . [Plaintiff] was being denied a hearing on [Plaintiff's] guilt or innocence, [and] (3) [Plaintiff's] sentence was being made longer by the forced forfeiture of good conduct credits." Id. at 17.

After the hearing, Plaintiff was held in administrative segregation for a period of "30-40" days before being transferred to EOP at Corcoran State Prison. Dkt. 1 at 12, 18. While at EOP, Plaintiff believed he "would [be] murder[ed]" if other inmates discovered he was SNY. Id. Plaintiff "immediately became a target" of other inmates because prison officials "gave another inmate . . . [Plaintiff's] hearing action document with all of [Plaintiff's] confidential information" that he was bisexual. Id. While housed in EOP, "there were no qualified DDP Correctional officers [Plaintiff] could turn to for assistance to prevent victimization by other inmates." Id.

Plaintiff then filed a grievance regarding his housing in EOP and his desire to be transferred back to SNY and was instead "force[d]" to sign a "consent form" to be transferred to "general mainline housing" or else be transferred to another institution. Dkt. 1 at 13-14.

Additionally, at some point, Plaintiff's legal property was taken from him despite Plaintiff needing documents for deadlines in a state court action. Dkt. 1 at 15.

Plaintiff seeks compensatory, monetary, and punitive damages. Dkt. 1 at 11.

### III.

### **STANDARD OF REVIEW**

As Plaintiff was incarcerated at the time he filed his Complaint, the Court must screen the complaint under 28 U.S.C. § 1915A ("Section 1915A") and is required to

dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(A); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Olvas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017) (observing that if a plaintiff is a prisoner at the time he files his complaint, screening is required under Section 1915A).

Under Federal Rule of Civil Procedure Rule 8(a) ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE ELEVENTH AMENDMENT BARS (1) ALL CLAIMS AGAINST DEFENDANT CIM AND (2) CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY FOR MONETARY DAMAGES**

**1. Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies

whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from retrospective claims for relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169–70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

**2. Analysis**

Here, to the extent Plaintiff seeks to sue CIM those claims are barred because CIM is protected by the Eleventh Amendment and cannot be sued under Section 1983. See Allison v. California Adult Auth., 419 F.2d 822, 822–23 (9th Cir. 1969) (holding plaintiff was not entitled to relief under Section 1983 against state prison because "state agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act"); Lett v. Brown, No. EDCV 12-1874-JFW (SS), 2013 WL 156560, at *3 (C.D. Cal. Jan. 15, 2013) (holding "[California Correctional Institution]-Tehachapi, as an agency of the State of California, cannot be sued under Section 1983"). Additionally, to the extent Plaintiff seeks to sue any individual state defendants in their official capacity, the Eleventh Amendment bars Plaintiff from raising claims that seek monetary relief. See Kentucky v. Graham, 473 U.S. at 169–70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Thus, Plaintiff is barred from bringing (1) any claims against defendant CIM; and (2) claims for monetary damages against individual defendants in their official capacity.

**B.  THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE**

**1.  Applicable Law**

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); Shaw v. Reno, 509 U.S. 630, 113 S. Ct. 2816, 125 L. Ed. 2d 511 (1993).  Homosexual persons are protected from discrimination by the Equal Protection Clause.  Romer v. Evans, 517 U.S. 620, 631-36, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996).  In the context of prisons, a regulation, policy, or practice that discriminates against homosexual persons will not survive unless it is "reasonably related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

**2.  Discussion**

Here, Plaintiff has failed to state a claim under Section 1983 for violation of the Equal Protection Clause based on sexual orientation.  Specifically, Plaintiff has not identified any similarly situated individuals, nor has he alleged facts establishing how he was treated differently than other similarly situated individuals.  See Turner, 482 U.S. at 89.  Moreover, Plaintiff's conclusory allegation that Defendants discriminated against him because he is bisexual, is not sufficient to state a claim.  See Iqbal, 556 U.S. at 678.  Accordingly, Plaintiff's Equal Protection claim is subject to dismissal.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document. Hence, in an amended complaint, Plaintiff should clearly state:

1) What actions were committed by each alleged defendant;
2) When and where the alleged actions were committed by each defendant;
3) What capacity Plaintiff wishes to sue each defendant;
4) What harm resulted from alleged actions by each defendant; and,
5) What statute or constitutional right was violated because of the alleged actions by each defendant.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint

8

that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 14, 2019

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge